UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MIA A., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-09808-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Mia A. ("Plaintiff") appeals from Social Security Commissioner's final decision rejecting her application for Social Security disability insurance benefits ("DIB").[1] For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I.
## BACKGROUND

Plaintiff filed an application for DIB on March 24, 2017, alleging disability beginning on December 1, 2016. See Administrative Record ("AR") 15. After a hearing in August 2018, the ALJ concluded that Plaintiff had the

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

severe impairments of degenerative disc disease of the cervical spine status post cervical fusion surgery, degenerative disc disease of the lumbar spine, mild degenerative joint disease of the bilateral hips, history of thyroid cancer, major depressive disorder, and cannabis abuse. See AR 17. The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See id. The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited her to light work with certain additional limitations. See AR 19. The ALJ concluded that Plaintiff was not disabled because although she could not return to her past work, there was work available in the national economy which she could do despite her limitations. See AR 24-25. This action followed. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether the ALJ properly considered Plaintiff's subjective symptom testimony. See Dkt. 18, Joint Submission ("JS") at 3.

**A.   Applicable Law**

The Court engages in a two-step analysis to review the ALJ's evaluation of Plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. See id. If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so. See id. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)

(en banc).

**B.    Analysis**

At the 2018 hearing before the ALJ, Plaintiff testified that she takes about an hour to get out of bed, reads to her children, and assists her husband with minor chores. See AR 35. She testified that she does laundry but does not do any chores that involves lifting or exertion. See id. She testified that she can only stand 20 minutes at a time and sits 60 percent of the day. See AR 36.

The ALJ found that Plaintiff's medically determinable impairments could be reasonably expected to produce Plaintiff's alleged symptoms, but found Plaintiff's testimony about the intensity, persistence, and limiting effects of the symptoms were inconsistent with "medical evidence and other evidence in the record for the reasons explained in this decision." AR 20. The ALJ found that the medical evidence, lack of compliance with her prescribed treatment, and evidence of Plaintiff's medical improvement did not support Plaintiff's testimony about her limitations. See id. The Commissioner argues the ALJ also found that Plaintiff's daily activities did not support Plaintiff's testimony about her limitations. See JS at 12.

The ALJ properly weighed the medical evidence and found that the evidence was not consistent with Plaintiff's subjective symptom testimony. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

In addition to the objective medical evidence, the ALJ rejected Plaintiff's subjective symptom testimony because she did not comply with her prescribed treatment. See AR 20 ("claimant was poorly compliant with treatment"). Failure to follow a prescribed treatment can provide a clear and convincing reason to reject a plaintiff's subjective symptom testimony. See Light v. SSA, 119 F.3d 789, 792 (9th Cir. 1997) (as amended); Mitchell v. Colvin, 584 F.

App'x 309, 311-12 (9th Cir. 2014) (affirming adverse credibility determination based on plaintiff's failure to follow diet and take medication as directed).

Substantial evidence supports the ALJ's finding that Plaintiff did not follow her prescribed treatment. In December 2016, Dr. Ashiq Patel noted that "[p]atient admits being poorly complaint with her medication(s)." AR 403. The same treatment record also makes clear that Plaintiff was not compliant with her prescribed diet, as Dr. Patel "[e]mphasized compliance with diet and importance of compliance." AR 405. Dr. Patel noted elsewhere that Plaintiff had "[p]oor diet" and her diet was unchanged. See AR 402. The record also suggests that Plaintiff may not have been honest with Dr. Patel. Although Plaintiff denied recreational drug use in that visit, see AR 404, she tested positive for amphetamines, benzodiazepines, and MDMA just two months earlier. See AR 624. Three months after the visit Plaintiff tested positive for oxycodone in addition to her prescribed medications of methadone and hydromorphone (an opioid). See AR 645, 648. Further, the ALJ determined Plaintiff had the severe impairment of cannabis abuse, meaning the ALJ found that Plaintiff had in fact engaged in recreational drug use. See AR 17. The failure to take her prescribed medication and follow her prescribed diet gave the ALJ a valid reason to discount Plaintiff's testimony.

The ALJ also found the record indicated medical improvement in Plaintiff's impairments. Substantial evidence of medical improvement can provide a clear and convincing reason to reject a plaintiff's testimony. See Morales v. Astrue, 300 F. App'x 457, 459 (9th Cir. 2008). The record shows improvement of Plaintiff's thyroid cancer, hypothyroidism, and neck pain. In December 2016, Dr. Patel noted Plaintiff's hypothyroidism was having "little or no effect on activities of daily living" and that she denied symptoms of "fatigue, nausea, tremors, chills, polydipsia, polyuria, and polyphagia." AR 402. Additionally, the record indicates that Plaintiff underwent a disc fusion

surgery in February 2017 to treat her neck pain. See AR 335. A postoperative report found that Plaintiff had "significantly improved since surgery." AR 20, 294. Another treatment record indicates that Plaintiff's neck pain improved and that the numbness and tingling of her hands was resolved post-surgery. See AR 295. In May 2017, Plaintiff had "completely resolved radicular symptoms," "significant improvement in her neck pain," and weakness in her left shoulder had "essentially resolved." AR 426-27. These improvements in Plaintiff's impairments gave the ALJ a valid reason to discount Plaintiff's testimony.

The ALJ is responsible for resolving ambiguities in the record. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). As long as the ALJ's determination is supported by substantial evidence, the Court cannot engage in second-guessing. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). It is clear the ALJ resolved ambiguities against Plaintiff and that resolution is support by substantial evidence. Accordingly, the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony. Any error in the remaining reasons provided by the ALJ was harmless. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III.
## CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

Date: December 19, 2019 \_\_\_

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge